IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DANIEL R. GRIFFIN | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | |
| vs. | : | 1:20-CV-0584-CC-LTW |
| | : | |
| MEGAN J. BRENNAN, | : | |
| Postmaster General | : | |
| United States Postal Service, | : | |
| | : | |
| Defendant. | : | |

## **OPINON AND ORDER**

This matter is before the Court on the Non-Final Report and Recommendation (the "R&R") [Doc. No. 31] issued by Magistrate Judge Linda T. Walker on January 12, 2021. Magistrate Judge Walker recommends that Defendant's Motion to Dismiss [Doc. No. 13] be denied. For the reasons stated herein, the Court adopts the R&R with modifications.

**I.     BACKGROUND**

Plaintiff Daniel R. Griffin ("Plaintiff"), who is proceeding pro se, brings this action against Defendant Megan J. Brennan, Postmaster General of the United States Postal Service ("Defendant" or "Postmaster"), pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, et seq. Plaintiff asserts claims for race discrimination, retaliation, and a hostile work

environment. Defendant moves the Court to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. As stated above, Magistrate Judge Walker recommends that the Court deny the Motion to Dismiss. Defendant has filed timely objections to the R&R, which are ripe for the Court's consideration.

## II.   STANDARD OF REVIEW

After reviewing a magistrate judge's findings and recommendations submitted pursuant to 28 U.S.C. § 636(b)(1)(B), a district judge may accept, reject, or modify the findings or recommendations. 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b)(3). A party challenging a report and recommendation must "file . . . written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." Macort v. Prem, Inc., 208 F. App'x 781, 783 (11th Cir. 2006) (citation and internal quotation marks omitted); see also Fed. R. Civ. P. 72(b)(2). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (citation omitted). The district judge must "give fresh consideration to those issues to which specific objection has been made by a party." Id. "Frivolous, conclusive, or general objections need not be considered by the district court." Marsden v.

Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) (citation omitted).  Those portions of a report and recommendation to which an objection has not been made are reviewed for plain error.  See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983); see also Fed. R. Civ. P. 72(a).

**III.  DISCUSSION**

In the instant case, Defendant objects on four grounds to the R&R.  First, Defendant argues that the Magistrate Judge erred in failing to recommend dismissal of Plaintiff's race and retaliation claims in Counts One and Two that Plaintiff affirmatively abandoned.  Second, Defendant argues that the Magistrate Judge erred in not requiring Plaintiff to plead the elements of his prima facie case of race discrimination, retaliation, and hostile work environment.  Third, Defendant argues that the Magistrate Judge erred in failing to consider the arguments in Defendant's reply brief, which showed that Plaintiff's retaliation claims in Count Two lack temporal proximity between the statutorily protected activity and the adverse employment action.  Finally, Defendant argues that the Magistrate Judge erred in failing to consider Defendant's reply arguments related to Plaintiff's hostile work environment claim.

Having conducted the requisite de novo review of those parts of the R&R to which Defendant objects, the Court overrules the second, third, and fourth objections and, to the extent set forth herein, sustains the first objection.  The Court

concludes that Plaintiff has sufficiently stated claims for race discrimination, retaliation, and hostile work environment. The Court therefore agrees with the Magistrate Judge that the Motion to Dismiss should be denied.

    A.    <u>Abandonment of Certain Race Discrimination and Retaliation Allegations</u>

Defendant correctly argues that Plaintiff has abandoned certain allegations supporting his race discrimination and retaliation claims. In this regard, Plaintiff initially alleged that there were eight different incidents forming the basis of his claims for race discrimination, retaliation, and hostile work environment. These eight incidents include the following:

> 1.    On December 29, 2016, Supervisor Watson changed Plaintiff's work schedule. (Compl. ¶ 28.a.)
> 2.    On January 29, 2016, Supervisor Watson admonished Plaintiff to take breaks and lunch when instructed. (Id. ¶ 28.b.)
> 3.    On April 3, 2017, Mr. Thompson issued a letter of warning dated April 1, 2017, for poor work performance. (Id. ¶ 28.c.)
> 4.    On July 3, 2017, Mr. Thompson denied Plaintiff's request to take Leave Without Pay (LWOP) on July 29, 2017. (Id. ¶ 28.d.)
> 5.    On December 28, 2016, Mr. Thompson[1] conducted an investigative interview with Plaintiff for allegedly failing to follow instructions and failure to deliver the mail. (Id. ¶ 29.b.)
> 6.    On February 13, 2017, Supervisor Watson yelled at Plaintiff, in the presence of his co-workers, to leave the work room floor. (Id. ¶ 29.c.)
> 7.    On February 13, 2017, Supervisor Watson accused Plaintiff of not reporting for a route count. (Id. ¶ 29.d.); and

---

[1] Plaintiff mistakenly alleged in this particular paragraph of the Complaint that Supervisor Watson conducted the investigative interview. However, the other allegations in the Complaint and the materials that Plaintiff submitted in opposition to the Motion to Dismiss make clear that he meant to refer to Mr. Thompson.

> 8. On March 17, 2017, Supervisor Watson informed Plaintiff that he had previously been instructed not to answer the lobby door after 5:00pm.  (Id. ¶ 29.e.)

In response to Defendant's Motion to Dismiss, Plaintiff has not abandoned any causes of action, but Plaintiff has abandoned allegations that certain of these incidents support the race discrimination and retaliation claims.  In his brief in opposition to the Motion to Dismiss, Plaintiff expressly stated the following regarding the race discrimination claim:

> Mr. Griffin is alleging here only that the July 3, 2017 denial of his request to take Leave Without Pay constituted an adverse employment action relative to his discrimination claims based on race and/or color.  He continues to proceed with the additional claims pursuant to both his retaliation claim and his hostile work environment claim.

(Doc. No. 21-1 at 14.)  This is an unequivocal abandonment of any argument that the other incidents support the race discrimination claim, and the Court agrees with Defendant that the record should reflect the abandonment of these alleged incidents with respect to Plaintiff's race discrimination claim.  Notwithstanding the foregoing and considering the remaining alleged incident that Mr. Thompson denied Plaintiff leave without pay, the Court still concludes that Plaintiff has stated a plausible claim of race discrimination.

Plaintiff likewise has abandoned any argument that certain of the incidents alleged in the Complaint constitute materially adverse actions in support of the retaliation claim.  In the Motion to Dismiss, Defendant argued that Plaintiff has

5

alleged no events for the fifth, sixth, seventh, and eighth incidents that could objectively be construed as a materially adverse employment action. In response to the Motion to Dismiss, Plaintiff did not address Defendant's arguments with respect to the seventh and eighth incidents. Therefore, the Court agrees with Defendant that Plaintiff's failure to respond with respect to those two incidents amounts to an abandonment of any claim that those incidents constitute materially adverse employment actions in support of the retaliation claim. See White v. Ga. Dep't of Motor Vehicle Safety, No. 1:06-cv-0124-TWT, 2006 WL 1466254, at *1 (N.D. Ga. May 19, 2006) ("failure to respond to arguments relating to a claim constitutes an abandonment of the claim").[2] As with the race discrimination claim, however, the Court finds that the abandonment of these particular incidents is not fatal to Plaintiff's retaliation claim. The allegations that remain are sufficient to state a claim for retaliation.

### B. Pleading of Prima Facie Case

Defendant next contends that the Magistrate Judge erred in failing to require Plaintiff to plead the elements of his prima facie case of race discrimination,

---

[2] In his objections, Defendant argues that Plaintiff also abandoned any retaliation claim related to the fourth incident. However, Defendant did not argue in its Motion to Dismiss that the fourth incident could not be objectively construed as a materially adverse employment action. Therefore, the Court finds no abandonment or waiver with respect to the fourth incident.

retaliation, and hostile work environment in accordance with the requirements set forth in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The Court disagrees. Construing Plaintiff's pro se Complaint liberally, the Court finds that Plaintiff has alleged sufficient facts to support plausible claims of race discrimination,[3] retaliation, and a hostile work environment.

    C.    Causation Element of Retaliation Claim

Defendant next asserts that the Magistrate Judge erred in failing to find that Plaintiff's retaliation claims lack temporal proximity between the statutorily protected activity and the adverse employment actions. Plaintiff alleges Defendant retaliated against him for filing complaints of discrimination in 2014, 2015, and 2016. Plaintiff further alleges that Defendant subjected him to retaliation when Supervisor Watson and Mr. Thompson took various adverse actions against him and treated him with hostility in 2016 and 2017. Defendant argues that the alleged adverse actions are too distant from the time that Supervisor Watson and Mr. Thompson each knew of Plaintiff's protected activity to support Plaintiff's retaliation claims.

---

[3] The parties can test in discovery whether Jerilyn Morton, the alleged similarly-situated comparator for the race discrimination claim, is indeed a similarly-situated comparator. Plaintiff's identification of an alleged similarly-situated comparator is certainly sufficient at this stage of the litigation to permit the retaliation claim to proceed.

In the R&R, the Magistrate Judge points out that Plaintiff alleges Mr. Thompson was made aware of Plaintiff's EEOC activity on October 1, 2015 and again on January 4, 2016. However, as relevant to the pending lawsuit, the first adverse action that Mr. Thompson allegedly took against Plaintiff was conducting the investigative interview of Plaintiff on December 28, 2016. An 11-month span of time between Mr. Thompson's awareness of Plaintiff's protected activity and his adverse actions is too large of a gap, without more, to satisfy the causation requirement. See Henderson v. City of Birmingham, 826 F. App'x 736, 743 (11th Cir. 2020) (finding passage of seven months insufficient to show close temporal proximity between the statutorily protected activity and the adverse employment action); Gilliam v. U.S. Dep't of Veterans Affairs, 822 F. App'x 985, 990 (11th Cir. 2020) (finding three-month gap too long to support an inference of causation based on temporal proximity alone).

Likewise, Plaintiff alleges Supervisor Watson was notified of Plaintiff's EEO activity in June 2016. Yet, the first alleged adverse action that Supervisor Watson took against Plaintiff was changing his work schedule on December 29, 2016. As indicated above, this 6-month lapse of time between Supervisor's Watson alleged awareness of Plaintiff's statutorily protected activity and the first adverse employment action by Supervisor Watson is too long to permit an inference of causation based on temporal proximity alone.

In late April or early May 2017, Plaintiff notified Marlon Ellis, Officer in Charge of the Stockbridge Post Office, that Supervisor Watson and Mr. Thompson were subjecting Plaintiff to discrimination and retaliation. Plaintiff also eventually filed a formal EEO charge of discrimination on July 7, 2017. However, Plaintiff does not allege that Mr. Thompson was aware of the protected activity in late April or early May,[4] and the only adverse employment action alleged to have occurred after either of these instances of protected activity was when Mr. Thompson denied Plaintiff's request for leave without pay in July 2017. Thus, Plaintiff has not alleged facts linking the adverse employment action in July 2017 to any protected activity close in time to that alleged adverse action.

Notwithstanding the foregoing, the Court construes the causal link broadly, and Plaintiff has raised sufficient allegations to show that his protected activity and the adverse actions are not wholly unrelated. See Shannon v. Bellsouth Telecomms., Inc., 292 F.3d 712, 716 (11th Cir. 2002) (holding that a plaintiff can establish a causal connection by showing that the defendant was "aware of the protected conduct, and that the protected activity and the adverse actions were not wholly unrelated"); Pennington v. City of Huntsville, 261 F.3d 1262, 1266 (11th Cir. 2001) ("The causal link element is construed broadly so that a plaintiff merely

---

[4] Plaintiff alleges that Mr. Ellis took no action to investigate his claims, and Plaintiff does not suggest that Mr. Ellis informed anyone of Plaintiff's contact with him complaining of discrimination and retaliation.

9

has to prove that the protected activity and the negative employment action are not completely unrelated.") (internal marks omitted).  Lack of temporal proximity defeats a retaliation claim only "in the absence of other evidence tending to show causation."  Higdon v. Jackson, 393 F.3d 1211, 1220 (11th Cir. 2004).

      Here, Plaintiff has alleged a continuing pattern of retaliatory actions that could be considered other evidence of retaliation.  He also has alleged that Supervisor Watson was intentionally trying to sabotage his work performance by making false accusations regarding his performance and that Mr. Thompson has been untruthful regarding his knowledge of Plaintiff's prior EEO activity.  Plaintiff's allegations, considered as a whole, are sufficient for the retaliation claim to survive Defendant's Motion to Dismiss.  See Glover v. Dist. of Trustees of Palm Beach State College, CASE NO. 9:19-CV-80968-ROSENBERG/REINHART, 2020 WL 3118469, at *4 (S.D. Fla. Jan. 23, 2020) (finding that allegations of pattern or practice of retaliatory conduct were sufficient to plausibly plead causation element of retaliation claim, notwithstanding nine-month time gap between statutorily protected expression and primary adverse employment action about which plaintiff complained); Dipietro v. City of Hialeah, 424 F. Supp. 2d 1286, 1293 (S.D. Fla. 2020) (holding that alleged series of retaliatory acts raised a plausible inference of causation at the motion-to-dismiss stage, notwithstanding nearly four-year gap between the plaintiff's alleged protected activity and his termination); Matamoros

v. Broward Sheriff's Office, Case No. 0:18-cv-62813-KMM, 2019 WL 4731931, at *5 (S.D. Fla. June 8, 2019) (denying motion to dismiss where plaintiff had sufficiently alleged facts of other evidence of retaliation, notwithstanding six-month gap between filing of EEOC charge and alleged adverse employment actions); Joyner v. City of Atlanta, CIVIL ACTION NO. 1:16-CV-1780-TWT-LTW, 2018 WL 1442931, at *5 (N.D. Ga. Feb. 23, 2018) ("A pattern of antagonism following the protected conduct is one type of circumstantial evidence that shows a causal connection."). In sum, the Court finds that Plaintiff has alleged sufficient facts plausibly stating a claim of retaliation.

### D. Hostile Work Environment Claim

Defendant's final assignment of error is that the Magistrate Judge erred in not recommending the dismissal of Plaintiff's hostile work environment claim. Defendant maintains that the Magistrate Judge failed to consider some of its arguments as to why Plaintiff's hostile work environment claim based on race and retaliation should be dismissed.

Defendant argues that the paragraph in Plaintiff's Complaint supporting the hostile work environment claim is nothing more than an impermissible formulaic recitation of the elements. Defendant further argues that the omission of specific facts to support the hostile work environment claim is fatal. Defendant particularly takes issue with Plaintiff's purported failure to establish that, to the

extent he was subjected to harassment, it was based on a protected characteristic. Defendant also argues that Plaintiff has not alleged facts showing that the harassment to which he was subjected was severe or pervasive enough to alter the terms or conditions of his employment.

After considering the issues raised with respect to the hostile work environment claim de novo and after reviewing all of the allegations in Plaintiff's pro se Complaint, the Court agrees with the Magistrate Judge that the Complaint sufficiently alleges a plausible hostile work environment claim. Considered separately, the alleged acts of Defendant may not come across as severe; however, under the totality of the circumstances, a reasonable person could find Defendant's conduct to be pervasive enough to alter the terms or conditions of Plaintiff's employment. See Reeves v. C.H. Robinson Worldwide, Inc., 594 F.3d 798, 808 (11th Cir. 2010) ("Either severity or pervasiveness is sufficient to establish a violation of Title VII."). The Magistrate Judge correctly recommended that the Court deny the Motion to Dismiss as to the hostile work environment claim.

## IV.   CONCLUSION

Based on the foregoing, the Court **OVERRULES** Defendant's second, third, and fourth objections and, to the extent set forth above, **SUSTAINS** the first objection. The Court **ADOPTS** the R&R [Doc. No. 31] with the modifications addressing those aspects of Plaintiff's race discrimination and retaliation claims

that Plaintiff has abandoned.  Defendant's Motion to Dismiss [Doc. No. 13] is **DENIED**.

SO ORDERED this 6th day of April, 2021.

*s/  CLARENCE COOPER*
CLARENCE COOPER
SENIOR UNITED STATES DISTRICT JUDGE